```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                  SOUTHERN DISTRICT OF GEORGIA
                         AUGUSTA DIVISION
```

JOHN TOMPKINS,                  *
                                *
    Plaintiff,                  *
                                *
        v.                      *       CV 120-186
                                *
EMPYREAN SERVICES, INC.,        *
                                *
    Defendant.                  *
                                *

## O R D E R

Before the Court is the Parties' Joint Motion for Court Approval of FLSA Settlement and Release Agreement. (Doc. 8.) Plaintiff brings claims pursuant to Section 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. 201 *et seq.* (Compl., Doc. 1, at 1, ¶¶ 1, 4.) Plaintiff seeks recovery of unpaid overtime, liquidated damages, and attorney's fees and costs. (Id. ¶ 59.) For the following reasons, the Parties' motion is **DENIED**.

### I. DISCUSSION

Congress enacted the FLSA with the purpose of protecting workers from oppressive working hours and substandard wages. Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981). Because workers and employers often possess unequal

bargaining power, Congress made the FLSA's wage and hour limitations mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706-07 (1945). Making the provisions mandatory meant eliminating the ability of workers and employers to negotiate an employment arrangement falling below FLSA's minimum employee protections. Barrentine, 450 U.S. at 740.

Accordingly, FLSA's provisions are not subject to bargaining, waiver, or modification either by contract or settlement, save for two narrow exceptions. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first exception involves actions taken by the Secretary of Labor and, therefore, is inapplicable to the proposed settlement in this case. See id. at 1353.

The second exception, which applies here, permits settlement when employees bring a private action for back wages under 29 U.S.C. § 216(b). Id. In such an instance, the parties must present the proposed settlement to the court, and the court may approve it "after scrutinizing the settlement for fairness." Id. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,]" then the court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354. When the employee is represented by counsel in an adversarial context, there

is some assurance that "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id. The settlement can cover back wages, liquidated damages, reasonable attorney's fees, and costs of the action. 29 U.S.C. § 216(b).

Before accepting the proposed settlement, the Court must determine whether a true conflict exists. A true conflict requires a bona fide dispute over FLSA provisions. Lynn's Food Stores, 679 F.2d at 1354-55. Initiation of "a suit brought by employees under the FLSA for back wages . . . provides some assurance of an adversarial context." Id. at 1354; accord Barnes v. Ferrell Elec., Inc., No. CV 113-056, 2013 WL 5651903, at *1 (S.D. Ga. Oct. 16, 2013) ("Plaintiff filed suit and is represented by counsel, which provides some indication that a true conflict exists between Plaintiff and [his] employer.").

Here, Plaintiff filed suit and is represented by counsel, suggesting a true adversarial conflict exists between Plaintiff and Defendant. Additionally, Plaintiff's Complaint asserts he is entitled to back pay for unpaid overtime. (Compl., ¶¶ 1, 30.) The Parties contend "the merits of the case have been highly contested from its inception" and they dispute "whether Defendant failed to pay Plaintiff" and "whether Defendant had a 'straight time for overtime' payment scheme that violated the FLSA." (See

3

Doc. 8, at 3.) Thus, the Court finds the presence of a bona fide dispute. Nevertheless, the Court rejects the proposed settlement for the following reasons.

First, the release provision in the settlement agreement is pervasive. "[A] pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010). This Court has previously ruled that settlement agreements which preclude suit on non-FLSA related claims are too pervasive to be fair and reasonable. See Melvin v. People Sales & Profit Co., No. CV 214-012, 2015 WL 13648559, at *1 (S.D. Ga. Jan. 23, 2015); see also Cantrell v. Bryan Cnty. Bd. of Educ. & Am. United Life Ins. Co., No. CV 415-169, 2015 WL 10057707, at *2 (S.D. Ga. Dec. 21, 2015). The release clause in the current settlement agreement contains the following language:

> For and in consideration of the payments specified in Paragraph 2, and other good and valuable consideration, Releasor does knowingly and voluntarily release and forever discharge the Company from any and all employment-related actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims, and demands whatsoever in law or in equity, whether known or unknown, that the Releasor ever had, now has, or may have against the Company based on any employment-related acts, omissions, transactions, or occurrences whatsoever from the date of the beginning of the world to the effective date of this Agreement, and specifically, but not by way of limitation, those employment-related claims that do or may arise out of, that are in any way connected with, that are or may be based in whole or in part on, or that are or may be related to: the Civil Action; any claims for unpaid

4

> wages, minimum wages, overtime, tips, or any other form of wages or compensation or reimbursement under the Fair Labor Standards Act ("FLSA") or any other employment-related federal, state, or local law; his employment with the Company; unlawful acts of any kind arising under or in reliance upon any employment-related statute (federal, state, or local); deprivation of civil rights; discrimination, harassment, or retaliation; or unlawful acts of any kind under employment-related local, state, or federal law; and any employment-related common law or state law claims against the Company. However, nothing in this release shall be construed to release personal injury claims.

(Doc. 8-1, at 4.) Because this clause releases Defendants from non-FLSA claims, it is impermissibly pervasive. See Melvin, 2015 WL 13648559, at *1 (finding a settlement agreement that would release defendant from "not only from FLSA claims, but also from 'all possible claims,'" too pervasive); Cantrell, 2015 WL 10057707, at *2 (determining a settlement agreement that would require plaintiffs to "release, settle and extinguish forever all claims which were asserted or which could have been asserted, whether known or unknown, accrued or unaccrued as of the date of this Release" was unacceptably pervasive).

Next, the Court cannot determine if the amount of attorney's fees requested is reasonable. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva v. Miller, 307 F. App'x 349, 351 (11th Cir.

2009). The Parties' settlement agreement awards attorney's fees and cost in the amount of $15,306.00. (Doc. 8-1, at 3.) However, the Parties have not provided any documentation on how attorney's fees were calculated. See Lynch v. Equity Auto Loan, LLC, No. CV410-058, 2011 WL 13284447, at *1 (S.D. Ga. Feb. 7, 2011) ("The Court cannot fulfill its duty of inquiry with absolutely no documentation as to how attorney's fees were computed."); Cummings v. Bignault & Carter, LLC, No. CV418-244, 2019 WL 2207656, at *2 (S.D. Ga. May 21, 2019) (explaining that one of "the most basic tenants of the FLSA" is "demonstrate[ing] to the Court that any requested attorney's fee is reasonable").

Moreover, the Court cannot blindly accept the use of an apparent contingency fee. See Silva, 307 F. App'x at 351-52 ("To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee."). The attorney fees to be paid amounts to exactly forty percent of the total agreement less costs and the Court is aware that "a forty percent contingency fee is commonly used in these type of cases." Lynch, 2011 WL 13284447, at *2. Although the Parties contend that "counsel's portion were always segregated such that Plaintiff could make an informed decision as to [the] proposal" and "Defendant's settlement offer properly segregated offers associated with overtime and attorney's fees,"

the apparent use of a contingency fee suggests otherwise. (See Doc. 8, at 4 n.1.)

To properly consider whether $15,306.00 is reasonable for attorney's fees and costs, the Parties must provide documentation to demonstrate how the agreed upon amount is reasonable in light of the work required in this case. The Parties should keep in mind that the Court uses the lodestar method as a guide when determining what is reasonable and "any compensation for attorney['s] fees beyond that justified by the lodestar method are unreasonable unless exceptional circumstances would justify such an award." Kyles v. Health First, Inc., No. 6:09-CV-1248, 2010 WL 11626713, at *2 (M.D. Fla. Oct. 26, 2010); Lynch, 2011 WL 13284447, at *2.

Finally, since the Parties wish to settle for 70% of the amount initially sought by Plaintiff, the settlement agreement represents a compromise. Therefore, the Court must scrutinize the settlement agreement for fairness and reasonableness. See Lynn's Food Stores, 679 F.2d at 1353-54. Courts consider several factors in determining whether a FLSA settlement is fair and reasonable:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Hirsch v. Mister Sparky, Inc., No. 1:09-CV-2897, 2010 WL 11603091, at *2 (N.D. Ga. Oct. 19, 2010). Courts, however, apply a strong presumption of fairness to FLSA settlements. Kyles, 2010 WL 11626713, at *2 (citing Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)). Moving forward, the Parties should make sure to provide the Court with enough information so that it can consider these factors.[1]

## II. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Parties' Joint Motion for Court Approval of FLSA Settlement & Release Agreement (Doc. 8) is **DENIED.** Within **TWENTY-ONE (21) DAYS** of the date of this Order, the Parties may file on the public docket a revised motion for approval of settlement agreement with an amended agreement appended that addresses the issues discussed herein. If the Parties do not move for approval of a revised settlement agreement within **TWENTY-ONE (21) DAYS,** the Court **DIRECTS** the parties to submit a report setting forth the status of settlement discussions.

---

[1] The Court did not conduct an exhaustive review of the fairness and reasonableness of the Parties' settlement agreement. "This task remains one for the lawyers charged with representing the interests of their clients before submitting documents to the Court for judicial scrutiny." Lynch, 2011 WL 13284447, at *1 n.1.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of March, 2021.

/s/ J. Randal Hall
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA