IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHN TOMPKINS, | * | |
| Plaintiff, | * | |
| v. | * | CV 120-186 |
| EMPYREAN SERVICES, INC., | * | |
| Defendant. | * | |

**O R D E R**

Before the Court is the Parties' Joint Renewed Motion for Court Approval of FLSA Settlement and Release Agreement. (Doc. 10.)

**I. DISCUSSION**

On March 30, 2021, the Court denied the Parties Joint Motion for Court Approval of FLSA Settlement and Release Agreement (Doc. 8) for including a pervasive release provision and lacking sufficient information regarding the reasonableness of attorney's fees. (See March 30, 2021 Order, Doc. 9.) Although the Court determined a bona fide dispute did exist, it did not conduct an exhaustive review of the fairness and reasonableness of the Parties' settlement agreement. (Id. at 7-8.)

The Parties' current proposed settlement agreement includes a satisfactory release provision, however, the Parties failed to include documentation regarding attorney's fees. As the Court explained in its prior Order, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009). Without documentation, the Court cannot determine if the requested attorney's fees are reasonable. See Brown v. Am. Moving & Storage, LLC, No. CV418-009, 2018 WL 5811487, at *3 (S.D. Ga. Nov. 6, 2018) ("The Court cannot fulfill its duty of inquiry without documentation as to how attorneys' fees were computed."); Melvin v. People Sales & Profit Co., Inc., No. CV 214-012, 2015 WL 13648559, at *2 (S.D. Ga. Jan. 23, 2015) ("[M]ore information is required to determine whether the settlement and attorney's fees, if any, are fair and reasonable in this case.").

The Parties cite to an Eighth Circuit case to support their argument that the Court does not have the authority to "take any action" on settled attorney's fees. (Doc. 10, at 6.) However, this Court sits in the Eleventh Circuit and is bound by Eleventh Circuit precedent which requires District Courts to assess the reasonableness of attorney's fees. See Walker v. Iron Sushi LLC, 752 F. App'x 910, 913 (11th Cir. 2018) ("As [the FLSA] makes clear,

2

the key metric by which a motion for attorney fees is evaluated is 'reasonableness.'. . . A 'reasonable' fee award is arrived at by first calculating the 'lodestar.'"). Therefore, as it has already explained, the Court cannot blindly accept the Parties' use of an apparent contingency fee and will use the lodestar method as a guide when determining the reasonableness of the agreed upon fees. (See March 30, 2021 Order, at 6-7.)

## II. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Parties' Joint Renewed Motion for Court Approval of FLSA Settlement and Release Agreement (Doc. 10) is **DENIED**. Within **TWENTY-ONE (21) DAYS** of the date of this Order, the Parties may file on the public docket a revised motion for approval of settlement agreement with an amended agreement appended that addresses the issues discussed herein. If the Parties do not move for approval of a revised settlement agreement within **TWENTY-ONE (21) DAYS**, the Court **DIRECTS** the parties to submit a report setting forth the status of settlement discussions.

**ORDER ENTERED** at Augusta, Georgia, this ___11th___ day of May, 2021.

                                           J. RANDAL HALL, CHIEF JUDGE
                                           UNITED STATES DISTRICT COURT
                                           SOUTHERN DISTRICT OF GEORGIA