IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHN TOMPKINS, | * | |
| Plaintiff, | * | |
| v. | * | CV 120-186 |
| EMPYREAN SERVICES, INC., | * | |
| Defendant. | * | |

**O R D E R**

Before the Court is the Parties' "Second Joint Renewed Motion for Court Approval of FLSA Settlement and Release Agreement." (Doc. 12.) For the following reasons, the motion is **DENIED**.

**I. DISCUSSION**

On February 22, 2021, the Parties filed a joint motion for settlement approval (Doc. 8); however, the Court rejected the Parties' motion because the proposed settlement agreement contained a pervasive release provision and the Court was unable to determine whether the requested attorney's fees were reasonable. (See Doc. 9.) The Parties amended their settlement agreement and filed a revised motion on April 20, 2021. (Doc. 10.) However, the Court again rejected the Parties' motion because they failed to include documentation regarding attorney's fees.

(Doc. 11.) The Parties then filed the present motion on June 1, 2021. (Doc. 12.) The Court has already determined a bona fide dispute exists, so the only remaining issues are: (1) whether the requested attorney's fees are reasonable; and (2) whether the overall settlement agreement is reasonable. Since the Court thoroughly outlined the legal standards applicable to FLSA settlements in its previous Order, it will not repeat them here. (See Doc. 9.)

### A. Attorney's Fees

Despite two Court Orders clearly requesting Plaintiff to file documentation showing that the agreed upon attorney's fees are reasonable, Plaintiff refuses to submit billing records or timesheets. (See Docs. 9, 11.) However, Plaintiff has now provided the Court with a total number of hours expended in this action. Plaintiff asserts 19 hours total were expended by her attorneys, Carl A. Fitz and Andrew W. Dunlap, in litigating this matter, which the Court finds reasonable after considering the relevant Johnson factors.[1] (Doc 12-1, at 5.) Since the Court

---

[1] "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)." Bivens v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). The Johnson factors include: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case;

2

finds the total number of hours expended by Plaintiff's attorneys on the litigation reasonable, it will not conduct an hour-by-hour analysis. See Bivens, 548 F.3d at 1350 ("When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut.")

Additionally, Plaintiff asserts 5.5 hours were expended by Plaintiff's attorneys' paralegal and 1.4 hours were expended by an "intake professional." (Doc. 12-1, at 5.) "Work by paralegals is recoverable as part of an attorney's fees award only to the extent that the paralegal performs work traditionally done by the attorney." Jackson v. Jump, No. CV 212-135, 2014 WL 10558844, at *7 (S.D. Ga. Sept. 30, 2014) (quoting B & F Sys., Inc., v. LeBlanc, No. 7:07-cv-192, 2012 WL 2529191, at *10 (M.D. Ga. June 29, 2012)). First, "intake" work is not work traditionally done by lawyers and thus is not recoverable. Additionally, Plaintiff had failed to explain the work that was completed by the paralegal. Without more information, the Court cannot determine whether the work completed by the paralegal is recoverable. Thus, it finds the 6.9 hours expended by the paralegal and "intake professional" are not reasonable.

---

(11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Id. at 1350 n. 2 (citation omitted).

As for the reasonable hourly rate, Plaintiff requests a $300.00 hourly rate for her attorneys. This amount is consistent with the Augusta legal market. See Giagnacovo v. Covanta Env't Sols., LLC, No. CV 119-066, 2020 WL 1974400, at *3 (S.D. Ga. Apr. 24, 2020) (finding $300.00 a reasonable billing rate in the Augusta market); see also Whitesell Corp. v. Electrolux Home Prods., Inc., No. CV 103-050, 2019 WL 1714135, at *2 (S.D. Ga. Apr. 17, 2019). Moreover, the Court has reviewed the "Declaration of Andrew W. Dunlap" (Doc. 12-1) and is satisfied with the explanation of time and the corresponding hourly rates given the training, skill, and experience of Plaintiff's attorneys.

Now the Court turns to the lodestar calculation. The "lodestar" is calculated by "multiply[ing] the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services . . . ." Ass'n of Disabled Ams. v. Neptune Designs, Inc., 469 F.3d 1357, 1359 (11th Cir. 2006) (citing Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983); Norman, 836 F.2d at 1299). Multiplying 19 hours, the number of hours reasonably expended by Plaintiff's attorneys, by $300.00 per hour, the reasonable hourly rate, results in a lodestar amount of $5,700.

Plaintiff also seeks $400.00 for filing fees. Filing fees are taxable costs under 25 U.S.C. § 1920 and thus compensable. See Kennedy v. Three J's L.L.P., No. 2:16-cv-214, 2018 WL 1036989,

4

at *7-8 (M.D. Fla. Feb. 6, 2018), *report and recommendation adopted*, 2018 WL 1010838 (M.D. Fla. Feb. 22, 2018).

Finally, Plaintiff seeks an upward adjustment of the lodestar figure. Specifically, Plaintiff asks the Court to apply a 1.93 multiplier to the reasonable charge because of "the exceptional result in this matter." (Doc. 12, at 3; Doc. 12-1, at 5.) "Because a lodestar based on reasonable hours and rates is strongly presumed to be reasonable, 'courts have severely limited the instances in which a lawfully found lodestar amount may be adjusted' in either direction." Jackson, 2014 WL 10558844, at *9 (quoting Resol. Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1150 (11th Cir. 1993)). "[A]n upward adjustment might be justified 'in the rare case where the fee applicant offers specific evidence to show that the quality of service rendered was superior to that one reasonably should expect in light of the hourly rate charged and that the success was "exceptional."'" Carey v. Rudeseal, 721 F. Supp. 294, 300 (N.D. Ga. 1989) (quoting Blum v. Stenson, 465 U.S. 886, 899 (1984)).

Plaintiff offers no specific evidence why an upward adjustment is justified. Moreover, there is "no indication of superior performance" and the settlement is not "out of the ordinary, unusual or rare." Carey, 721 F. Supp. at 300 (citation omitted). Thus, the Court finds no reason to depart from the lodestar calculation.

5

Accordingly, the Court awards attorney's fees and costs in the amount of $6,100.00.

**B. Fairness and Reasonableness of the Settlement Amount**

Under the current settlement agreement, Plaintiff is to receive $24,843.34, which is 79.4% of the maximum amount of unpaid overtime and liquidated damages he could recover. (See Doc. 12-1, at 5.) Keeping in mind the presumption of fairness and taking in consideration the relevant fairness factors previously outlined for the Parties, the Court takes no issue with the settlement amount at this time. However, the Parties' agreement states "[t]his agreement shall not become effective unless and until such date . . . as the Court approves in its entirety the Joint Motion and enters an order approving this Agreement . . . . If the Court does not grant the Joint Motion . . . for any reason, then this Agreement will not be binding upon the parties and will be null and void." (Doc. 12-2, at 3-4.) Thus, the Parties must file an amended settlement agreement so that the Court may assess its fairness in its entirety.

## II. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Parties' "Second Joint Renewed Motion for Court Approval of FLSA Settlement and Release Agreement" (Doc. 12) is **DENIED**. The Parties **SHALL AMEND** their settlement agreement and release to reflect the adjusted attorney's fees and costs herein. Within **FOURTEEN (14)**

6

**DAYS** of the date of this Order, the Parties may file on the public docket a revised motion for approval of settlement agreement with an amended agreement appended that addresses the issues discussed herein.

**ORDER ENTERED** at Augusta, Georgia, this 7th day of July, 2021.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA